# Restructuring the Relationship Between the Federal Government and Radio Free Europe/Radio Liberty

No impermissible conflict of interest arises from the practical identity of grantor and grantee of federal funds, where such an arrangement has been authorized by federal statute.

No separation of powers concern is implicated by Congress' appropriation of funds directly to a private entity whose functions relate exclusively to the flow of information; nor does this situation raise a problem of excessive delegation of government authority to the private sector.

January 23, 1981

## MEMORANDUM OPINION FOR THE BOARD OF INTERNATIONAL BROADCASTING

This responds to your request for the opinion of this Office on two questions relating to the possible restructuring of the relationship between the federal government and Radio Free Europe/Radio Liberty, Incorporated (RFE/RL).

RFE/RL is a private nonprofit corporation entirely dependent upon federal funds, which it receives under an annual grant from the Board for International Broadcasting (BIB), a federal entity created in 1973 pursuant to Pub. L. No. 93–129, 87 Stat. 456 (1973). Under this law, the BIB is responsible for ensuring the continuation of RFE/RL as an independent broadcast medium; at the same time BIB is also charged with ensuring that its grants to RFE/RL are applied in a manner not inconsistent with the broad foreign policy objectives of the U.S. government. Pursuant to these complementary statutory mandates, the board of directors of RFE/RL operates under the general oversight of the BIB and is subject to its direction in matters of concern to the U.S. government.

Proposals to reform or simplify the relationship between the federal government and RFE/RL have generally taken the form of merging the private and public boards, or eliminating one of them. One such suggestion, which was reported out of the Senate Foreign Relations Committee in 1977 but defeated on the floor, was to condition further grants to RFE/RL on having the presidentially appointed members of

the BIB also serve as the board of directors of RFE/RL. Another more recent proposal is that the BIB be abolished and funds appropriated directed to RFE/RL.

With respect to the first proposal, you ask whether any conflict of interest arising from the practical identity of grantor and grantee would pose a legal problem. If such an arrangement were in fact incorporated into the statute as was proposed in 1977, and thus authorized by law, there would be no legal basis on which any resulting conflict of interest could be successfully challenged. Nor would there appear to be any issue of constitutional dimension in such a conflict.

Your second question relates to the suggested abolition of the BIB, and the direct appropriation of funds to the private corporation, RFE/RL.[1] Contrary to the advice you have received from counsel for RFE/RL, in our view there would be no legal or constitutional bar to channelling federal funds for private expenditure in this manner, although we have not found any precedent directly in point. There is no statute which inhibits Congress' power, if it wishes to do so, to appropriate directly to a private corporation for the purpose of accomplishing governmental objectives. And, assuming Congress took all necessary legislative steps to effectuate its desired end, we perceive no legal basis on which to object to it.

Nor is there any principle of constitutional law which would necessarily be implicated by a direct legislative appropriation to a private entity.[2] To be sure, Congress generally includes some provision for supervision by some executive agency of the use of federal funds in any appropriation intended for use in the private sector. And, one of the consistent themes in discussions of the continued funding of RFE/RL over the years has been Congress' concern to ensure accountability in its use of public monies. But these concerns, and the controls imposed pursuant to them, are grounded in political and administrative considerations, not in any requirement imposed by the Constitution.

The teaching of *Buckley* v. *Valeo,* 424 U.S. 1 (1976), does not suggest the contrary. The relevant holding in the *Buckley* case is that Congress may not, consistent with the constitutional principle of separation of powers, seek to remove from the control of the Executive Branch its power to administer and enforce public law. At issue in that case were rulemaking and enforcement functions which Congress had vested in the Federal Elections Commission, a body whose members Congress itself appointed. The Court held that because these functions

---

[1] You state that in this case some or all of the directors of RFE/RL might be appointed by the President. Our conclusions on the permissibility of a direct appropriation to RFE/RL do not depend on the status of all or any of its directors as presidential appointees, and we have therefore not taken this possibility into account in our analysis.

[2] As a practical matter, Congress' appropriation would be framed as a directive to the Secretary of the Treasury to cause certain funds to be paid to the private corporation. However, the Secretary of the Treasury would have no discretion to determine whether the corporation were entitled to receive it. *United States* v. *Price,* 116 U.S 43 (1885).

"represent[ed] the performance of a significant governmental duty exercised pursuant to a public law," 424 U.S. at 141, the Commission's members must be appointed by the President in the manner contemplated in Article II, §2, clause 2 of the Constitution. Among the functions mentioned by the Court as requiring performance by a presidential appointee were the conduct of litigation, rulemaking and advisory opinions, and determinations of eligibility for federal funds and for federal elective office. By contrast, among the Commission's powers which the Court noted might appropriately have been given legislative appointees were those "relating to the flow of necessary information—receipt, dissemination, and investigation . . . ." 424 U.S. at 137. Some expenditure of public funds is necessarily involved in these latter activities, and it is therefore plain that responsibility for expenditure of federal funds in and of itself is not within the class of "significant governmental duties" which can be performed only by a presidential appointee.

We are aware of no authority given RFE/RL under the law which would constitute "the performance of a significant governmental duty" so as to require that it be retained within the Executive Branch. The Commission has no power to make rules or interpret laws as they apply to other persons or entities. It has no authority to conduct litigation in the name of the government, nor otherwise to apply or enforce the law. Its only responsibilities under the law are of precisely the sort which the Court noted in *Buckley* could be delegated outside the Executive Branch: functions relating to the flow of information. Even if these functions were somehow regarded as having a "public" character in this context, this would not be sufficient to require their performance by an officer of the United States.

Related to the separation of powers principle at issue in *Buckley,* and susceptible to similar analytic treatment, is the delegation doctrine. This doctrine, as relevant here, expresses the constitutional concern that significant executive or legislative power be exercised by an officer of the United States appointed or elected, respectively, in accordance with the Constitution. *See* Liebmann, *Delegation to Private Parties in American Constitutional Law,* 50 Indiana L.J. 650 (1975). As noted, we are unaware of any situation in which RFE/RL would be vested with the sort of executive or legislative authority which would trigger a concern for excessive delegation to the private sector.

We would be happy to be of further assistance to you as proposals for restructuring the government's relationship with RFE/RL are developed.*

Leon Ulman<br>
*Deputy Assistant Attorney General*<br>
*Office of Legal Counsel*

---

*NOTE: In 1982, Congress enacted a law by which further federal grants to RFE/RL were made conditional upon amendment of the RFE/RL certificate of incorporation to restrict membership on the RFE/RL board to the presidentially appointed members of the Board for International Broadcasting. Pub. L. No. 97-241, §11, 96 Stat. 273, 296-97 (1982). Ed.